IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT TRAVIS JENKINS,**

    **Plaintiff,**

    v.                                                    CASE NO. 25-3119-JWL

**ARAMARK FOOD SERVICES,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On July 16, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's responses (Docs. 6, 7) and Motion to Amend Complaint (Doc. 8). The Court's screening standards are set forth in the MOSC.

Plaintiff's factual allegations are set forth in detail in the MOSC. In summary, Plaintiff claims that in May 2011, he was implanted "by some government entity with what appeared to be an insect in [his] ear, but now [he] believes [it] is a 'DARPA' technologies device that makes Morris [sic] Code beeping sounds." (Doc. 1, at 2.) Plaintiff also attacks his 2016 state criminal conviction. Plaintiff alleges that he receives "verbal abuse," and his meals are targeted "with less food, and photographs of rats, penises, cutout tungues [sic]." *Id*. at 4. Plaintiff alleges defamation of character, alleging that from December 2024 to May 22, 2025, the Lansing Correctional Facility

1

("LCF") enacted a campaign of harassment by telling inmates that Plaintiff snitched on them and was diseased. *Id*. at 5.

The Court found in the MOSC that to the extent Plaintiff seeks release and challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus,[1] and before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477 (1994).  The Court also found that Plaintiff alleged various claims that fail to provide enough supporting facts to state a plausible claim.  Some of Plaintiff's claims relate to incidents or staff at LCF or the El Dorado Correctional Facility ("EDCF"), but he has not named staff from either facility as a defendant in this case and he is no longer housed at either facility.  Plaintiff claims his meals were targeted by Gange, Collins, "and others," but he has not named Gange or Collins as a defendant and he has failed to name anyone at HCF that is responsible for allegedly tampering with his food or serving him insufficient portions. Plaintiff failed to allege what commissary privileges he was denied, and failed to provide any factual support for his claim that harassment followed him to HCF.

Plaintiff claims that inmates were told that he was "telling on" people, but he fails to state who allegedly said something to other inmates, what they said, or to whom they said it, and he suggests that this happened at LCF.  He fails to allege that he was threatened by anyone or that he conveyed any threats to staff.  Plaintiff alleges harassment without giving specific details as to who harassed him or how they harassed him.  The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror

---

[1] The Court noted that Plaintiff also filed a § 2254 habeas petition in this Court. *See Jenkins v. Schnurr*, Case No. 25-3076-JWL, filed April 25, 2025 (D. Kan.).

of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992). Where "the officers' comments, although inappropriate, do not suggest a show of deadly force," they fail "to create 'terror of instant and unexpected death.'" *Id*.; *see also McBride v. Deer*, 240 F.3d 1287, at 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment.") (citation omitted).

The Court also found that some of Plaintiff's claims appear to be frivolous. Plaintiff alleges that in May 2011, a device in the form of an insect flew in his ear as a military plane passed overhead. He acknowledges that doctors have examined him and told him that the ringing in his ear is tinnitus. The Court found that not only is Plaintiff's claim frivolous, but any claim based on an incident in 2011 would be barred by the statute of limitations. The Court also found that Plaintiff's claims against Defendants Aramark and Centurion were subject to dismissal because he failed to allege facts showing a policy or a custom that caused his injury.

Plaintiff has filed a response, arguing that he has been denied "food in some way" at least three times a week for eight months. (Doc. 6, at 1.) He states that he did not have fruit on his plate for lunch or dinner on July 20, 2025. *Id*. Plaintiff then makes claims regarding disciplinary hearings. *Id*. at 2–3. Plaintiff continues to argue about things that happened at LCF and argues that he is innocent of the criminal charges that resulted in his conviction. *Id*. at 3–5.

Plaintiff filed a second response, arguing that his lunch tray did not include fruit, salad, condiments, or utensils. (Doc. 7, at 1.) Plaintiff argues that he did not fail to name a responsible person, because he "name[s] the entire system." *Id*. Plaintiff argues that Centurion failed to test

3

him effectively and failed to listen to him regarding his alleged symptoms. *Id*. at 2. Plaintiff continues to argue about his criminal conviction, claiming that he is innocent and wrongly imprisoned. *Id*. at 2–3. He continues to assert that there is an insect in his ear causing "Morris [sic] Code" signals. *Id*. at 3. He indicates that he may be part of some clandestine operation that uses "low class Americans" to advance technology. *Id*. Plaintiff alleges that it is unprofessional for medical providers to tell him he is crazy and paranoid. *Id*.

Plaintiff's responses fail to address the deficiencies noted in the MOSC. Plaintiff continues to attack his criminal conviction, and continues to assert his frivolous and untimely claim about an insect being inserted in his ear in 2011. Plaintiff also alleges that he is not being served sufficient portions of food, but only gives isolated examples and attaches grievances that were filed after he filed this case.[2]

To state an Eighth Amendment clam regarding deprivation of food, "an inmate must allege both an objective and subjective element"—"[t]he objective element requires that the inmate allege a 'sufficiently serious' deprivation that denied the inmate 'the minimal civilized measures of life's necessities.'" *Womble v. Chrisman*, 770 F. App'x 918, 923 (10th Cir. 2019) (unpublished) (citing *Strope v. Sebelius*, 189 F. App'x 763, 766 (10th Cir. 2006) (unpublished) (quoting *Barney v.*

---

[2] An inmate is required by the Prison Litigation Reform Act ("PLRA") to exhaust all available prison administrative remedies before filing a complaint in federal court. Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (stating that under the PLRA "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court") (citations omitted).

*Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998))). To meet the subjective element, Plaintiff must show that "the prison official knew of and disregarded risk to inmate health and safety." *Id*. (citing *Barney*, 143 F.3d at 1310 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff has failed to allege a constitutional violation regarding his food, and his claims suggest, at most, mere negligence. Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986); *see also Taylor v. Pittsburg, KS Police Dep't*, 2022 WL 2274123, at *3 (D. Kan. 2022) (finding that plaintiff failed to allege specific facts indicating a substantial or immediate danger to plaintiff's health and well-being) (citing *Toevs v. Milyard*, 563 F. App'x 640, 643, 645–46 (10th Cir. 2014) (affirming dismissal of claim involving denial of nine consecutive meals during a three-day period); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (finding the withholding of seven meals over a period of six days, "does not result in a health risk to the prisoner sufficient to qualify as a 'wanton infliction of pain' where the prisoner continues to receive adequate nutrition."); *McGee v. Collett*, 2020 WL 4569155 *2 (D. Kan. 2020) (denial of two meals during a week's time does not state an Eighth Amendment claim)).

Plaintiff has also filed a Motion to Amend Complaint (Doc. 8), seeking to add additional counts regarding disciplinary proceedings that are unrelated to the claims in his Complaint.[3] Plaintiff alleges that the disciplinary hearings were not timely, he was not present at the hearings, and documents were falsified. (Doc. 8, at 2.) Plaintiff continues to argue that he was denied food "several times." *Id*. at 5.

---

[3] Plaintiff attaches disciplinary records showing he received a DR regarding his use of the phone and alleged threats, and records showing he was found guilty of having dangerous contraband—one hatchet, one garrote, and a lock with things tied to it. (Doc. 8, at 4, 8.)

Plaintiff's motion to amend fails to attach a proposed amended complaint as required by the Court's Local Rules. *See* D. Kan. Rule 15.1(a)(2). The Court finds that amendment would be futile. Plaintiff challenges disciplinary hearings that are unrelated to his claims in this case. Furthermore, § 1983 is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule applies not only when the prisoner challenges his conviction, but also when he challenges punishments imposed as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 648. Plaintiff's motion is denied.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 8) is **denied.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 14, 2025, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**